# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3101 | **DATE** | 6/15/2001 |
| **CASE TITLE** | Great West Casualty Co. vs. Marathon Oil Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum Opinion and Order. Great West's motion for reconsideration [43-1], Great West's motion for judgment on the pleadings [42-1], and Great West's motion for summary judgment as to Krystal [44-1] are denied. Marathon Oil's motion for judgment on the pleadings with respect to the duty to defend [39-1] is granted. Krystal's motion for summary judgment [36-2] is granted with respect to the duty to defend and denied with respect to the duty to indemnify. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | JUN 2 1 2001 date docketed | 59 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 01 JUN 21 AM 10: 31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREAT WEST CASUALTY COMPANY, )
a Nebraska Casualty Company, )
 )
                             Plaintiff, )
           v. ) Case No. 99 C 3101
 )
MARATHON OIL COMPANY, an OH Corp., )
JEROME J. HOWE, Independent Administrator ) Honorable Judge Joan B. Gottschall
of the Estate of PAUL J. HOWE, Deceased, and )
HEIDENREICH TRUCKING, INC., an IL Corp., )
 )
                           Defendants. )

DOCKETED
JUN 2 1 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Great West Casualty Company has moved this court to reconsider its memorandum opinion and order entered on January 31, 2001. In that memorandum opinion, the court denied Great West's motion to dismiss defendant Marathon Oil's counterclaim. Great West has also moved for judgment on the pleadings and summary judgment against defendant Krystal Gas Company. Marathon has moved for judgment on the pleadings. For the reasons set forth below, Great West's motions are denied and Marathon's motion is granted in part and denied in part.

### Background

The relevant facts are set forth in the January 31, 2001 memorandum opinion, *Great West Casualty Co. v. Marathon Oil Co.*, 2001 WL 103426 (N.D. Ill. Jan. 31, 2001) and a memorandum opinion in the related case, *Howe v. Marathon Oil Co.*, 98 C 3707, 2001 WL

59

290184 (N.D. Ill. Mar. 16, 2001). In the January 31 opinion, the court considered the following policy language: "LIABILITY COVERAGE WHO IS AN INSURED is changed to include as an insured [Marathon] only if they are liable for the conduct of an insured [Heidenreich] shown in the WHO IS AN INSURED provisions and only to the extent of that liability." (Compl., Exh. B). Great West argued that this provision covered Marathon only if it was held *vicariously* liable for Heidenreich's conduct. Marathon argued that the provision covered Marathon so long as Heidenreich's conduct was a "but for" cause of Marathon's liability. Each party cited cases interpreting insurance policy language and arriving at the conclusion the party endorsed. The court, however, found the language of the provision at issue here distinguishable in meaningful ways from the policy language in the cases cited by each of the parties. Concluding that both interpretations were reasonable ones, the court found the language ambiguous. When policy language governing a duty to defend is ambiguous, the court is to resolve that ambiguity in favor of the insured. *See Hurst-Rosche Engineers, Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995). Hence, the court denied Great West's motion to dismiss Marathon's counterclaim seeking a declaration that Great West owed Marathon a duty to defend it in Howe's lawsuit.

## Analysis

### *Great West's Motion to Reconsider*

Great West now moves to reconsider the January 31 ruling, relying heavily on four cases that were not cited in any of its briefs regarding the motion to dismiss: *Vulcan Materials Co. v. Casualty Ins. Co.*, 723 F. Supp. 1263 (N.D. Ill. 1989); *Transport Ins. Co. v. Post Express Co.*,

2

*Inc.*, No. 91 C 5750, 1993 WL 135461 (N.D. Ill. Apr. 28 1993); *Canal Ins. Co. v. Earnshaw*, 629 F. Supp. 114 (D. Kan. 1985); and *Asphalt Co. v. Farmers Ins. Grp.*, 867 F.2d 1164 (8th Cir. 1989).[1] In each of these cases, the policy language was more analogous (though not identical) to the policy language at issue here. These courts considered language exemplified by this provision: "Each of the following is an insured under this insurance to the extent set forth below: . . . (d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under [the previous provisions]." *Vulcan*, 723 F. Supp. at 1264; *see also Transport*, 1993 WL 135461 at *1; *Canal*, 629 F. Supp. at 120; *Koch*, 867 F.2d at 1166. The courts in each of these cases concluded that the policy language referred only to the situation of vicarious liability.

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is appropriate only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the

---

[1] Great West also cites the Black's Law Dictionary definition of "liable," which reads: "1. Responsible or answerable in law; legally obligated. 2. (Of a person) subject to or likely to incur (a fine, penalty, etc.). – Also termed *legally liable*. See LIABILITY." Pl.'s Memo. in Supp. of Reconsid., at 5 (quoting Black's Law Dictionary 927 (7th Ed. 1999). Great West argues that this definition shows that the phrase "liable for the conduct" can only be interpreted to mean vicarious liability. Aside from citing new authority that was previously available, Great West's argument misses the point. One can be "liable" for a judgment for any number of reasons – contract obligations, primary tort liability, vicarious liability, etc. Here, Howe is seeking to hold Marathon "liable" or "legally responsible" for the accident in a tort suit. According to the allegations of Marathon's third-party complaint, Heidenreich's negligence may have contributed to, or even been the primary cause of, the accident. Thus, in a "but for" sense, Marathon may be "liable for the conduct" of Heidenreich.

3

Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Where a party moving for reconsideration cites decisions not previously cited, it should provide an explanation for its failure to cite the authority. *See generally Panduit Corp. v. Band-It-Idex, Inc.*, No. 00 C 1461, 2000 WL 968811, at *1 (N.D. Ill. Jul. 11, 2000). A motion to reconsider "is not appropriately used to advance arguments or evidence that could have previously been offered but was not." *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

Here, Great West argues that the court's January 31 decision was based on reasoning outside the adversarial issues presented to the court at that time. Specifically, Great West points out that neither party was arguing that the language was ambiguous, but rather both sides argued that the language clearly supported their respective positions. Great West's argument is misguided. The interpretation of the policy language was clearly in dispute at the time. Each side cited cases supporting their interpretation and concluding that similar policy language was unambiguous. Great West has simply cited *more* cases finding similar policy language unambiguous and concluding that the language should be interpreted consistent with Great West's position. The only significant difference between the cases cited by Great West in its previous briefs and the cases cited in the motion for reconsideration is that the policy language of the new cases more closely resembles the policy language at issue here. But the court will not allow Great West to make new analogies to different cases simply because the cases it relied on previously were distinguishable. Great West could have cited these cases in its earlier briefs, and attempting to explain the failure to do so by contending that it was unaware that ambiguity would be an issue is disingenuous.

4

Moreover, the new cases would not compel a different result. First, none of the cases are controlling authority for this court. Second, the insurance policies in the new cases are distinguishable in important ways from the Heidenreich policy language. In the four cases cited by Great West, the additional insured provisions were not limited with respect to who would be covered if held "liable because of acts or omissions of the [named] insured . . ." That is, the additional insured provisions could potentially cover "any other person or organization." When construing the language, the *Vulcan* court recognized this possibility, and the common-sense implications it had on the construction of the policy language: "Under [the "but for" interpretation of "liable because of"], Casualty [the named insured] would have to provide coverage to *all* parties concerned in any accident involving a Casualty-insured vehicle." *Vulcan*, 723 F. Supp. at 1265. In contrast, the additional insured provisions of the Heidenreich policy are limited to those persons and organizations specifically named by each individual endorsement. For instance, in the CAL additional insured endorsement provision, the name and address of Marathon Oil are provided in the Schedule. The endorsement then provides: "LIABILITY COVERAGE WHO IS AN INSURED is changed to include as an insured the person or organization shown in the SCHEDULE only if they are liable for the conduct of [Heidenreich]." (Compl., Exh. B). Thus, the "but for" interpretation of "liable for the conduct" would not lead to broad coverage for all parties involved in an accident – the type of sweeping, irrational coverage envisioned in *Vulcan*. Rather, the "but for" interpretation would require Great West to provide coverage to persons and organizations involved in an accident with Heidenreich commercial automobiles only where the person or organization has been specifically named as an additional insured on the Great West policy. Such an interpretation is not unreasonable, and similar

5

insurance relationships have been found in other cases. *See, e.g., Shell Oil Co. v. AC&S, Inc.*, 649 N.E.2d 946 (Ill. App. Ct. 1995).

The court refuses to permit Great West to make new arguments using authorities that were available and relevant at the time Great West briefed its earlier motion to dismiss. Further, the court finds the new arguments made by Great West unconvincing. Great West's motion to reconsider is denied.

*Remaining Motions*

Also pending are 1) Great West's motion for summary judgment as to third-party defendant Krystal Gas Company, 2) Great West's motion for judgment on the pleadings, 3) Great West's motion for summary judgment as to Krystal, 4) Krystal's motion for summary judgment,[2] and 5) Marathon's motion for judgment on the pleadings.[3] Great West's only argument with respect to each of these pending motions is that the earlier memorandum opinion should be reconsidered, and that the four cases cited in the motion for reconsideration demonstrate that Great West does not owe a duty to defend or indemnify either Marathon or Krystal. Because the court denies the motion for reconsideration and finds Great West's new authorities unpersuasive, Great West's remaining motions are denied, Marathon's motion for judgment on the pleadings is granted, and Krystal's motion for summary judgment is granted only with respect to the duty to defend and denied with respect to the duty to indemnify. For the same reasons that Marathon has not yet established a duty to indemnify (set forth in the January 31 opinion), Krystal fails to

---

[2] Krystal's motion seeks summary judgment with respect to both the duty to defend and the duty to indemnify.

[3] Marathon's motion seeks a judgment only with respect to the duty to defend.

6

establish that Great West owes it a duty to indemnify.

ENTER:

_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 15, 2001